Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7134 | **DATE** | 1/7/2011 |
| **CASE TITLE** | Hart vs. Hunter, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand to Circuit Court of Cook County [7] is denied. Initial status hearing set for 1/26/11 at 10:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Before the Court is plaintiff Jimmy N. Hart Sr.'s ("Hart") motion to remand this case to the Circuit Court of Cook County. For the reasons set forth more fully below, the motion is denied.

    In March 2010, Hart went to a Taco Bell restaurant located at 1140 S. York Road, in Bensenville, Illinois for dinner. While at the restaurant, Hart allegedly slipped and fell on a wet floor and injured himself. After that incident, Hart filed a three-count negligence complaint in the Circuit Court of Cook County and named Taco Bell Corp. ("Taco Bell") and Desmond Hunter ("Hunter") as defendants. Hunter is a Taco Bell employee. Taco Bell removed the case to this Court and Hart filed the instant motion to remand. Hart argues for remand on the basis that the Court lacks diversity jurisdiction because he and Hunter are both citizens of Illinois.

    Taco Bell is a citizen of California because it is a California corporation, with its principal place of business in Irvine, California. Typically, the lack of diversity of citizenship between Hart and Hunter would negate this Court's jurisdiction and require remand to the state court. However, Hart must state a legitimate claim against Hunter and cannot name him as a defendant solely to destroy diversity jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The fraudulent joinder doctrine allows a district court to temporarily assume jurisdiction over a case to determine whether a defendant has been fraudulently join. *Id*.

    To establish fraudulent joinder, Taco Bell bears the burden of demonstrating that there is no reasonable possibility that Hart could prevail on his negligence claim against Hunter. *Id*. at 764. This Court must resolve issues of fact and law in Hart's favor and looks to state law to analyze the negligence claim against Hunter. *Id*.

    To determine whether Hart has a reasonable possibility of prevailing on his claim against Hunter, the Court must decide whether Hunter owed Hart a duty to inspect and maintain the floor that Hart slipped and fell on. The law of agency does not impute a duty that the principal owes to a third party onto an agent. *See Bovan v. Am. Family Life Ins. Co.*, 386 Ill. App. 3d 933, 897 N.E.2d at 295 (Ill. App. Ct. 2008). In other

| STATEMENT |
|---|
| words, agency law does not impute Taco Bell's duty to Hart on Hunter. The duty of care arises from the relationship between the parties. *Id.* at 294. In order for Hart's negligence claim against Hunter to have a reasonable possibility of success, Hart must alleged a duty that Hunter owed to him. Hunter doesn't own the Taco Bell restaurant or its floor. Therefore, he does not have a duty to inspect, or maintain the floor. He also does not have a duty regarding Taco Bell employees, or Taco Bell's corporate policies and procedures.<br><br>  On theses facts, Hunter did not have a duty with respect to Hart and there is not a reasonable possibility that an Illinois court would recognize Hart's negligence claim against Hunter. Therefore, Hart's negligence claim against Hunter, Count II of the complaint, is dismissed pursuant to Federal Rule of Civil Procedure 21. In light of the diversity of citizenship between Hart and Taco Bell, this Court retains jurisdiction over this case. It is so ordered. |