# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7134 | **DATE** | 3/7/2011 |
| **CASE TITLE** | Hart vs. Taco Bell Corp. | | |

**DOCKET ENTRY TEXT**

Defendant Taco Bell Corp.'s Motion to Dismiss Count II of Plaintiff's First Amended Complaint is denied. Plaintiff and defendant Hunter are both citizens of the state of Illinois, thus the Court lacks subject matter jurisdiction over this case. Accordingly, this case is remanded to the Circuit Court of Cook County. This civil case is terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Before the Court is defendant Taco Bell Corp.'s ("Taco Bell") motion to dismiss Count II of plaintiff's First Amended Complaint ("amended complaint"). For the reasons set forth more fully below, the motion is denied. Desmond Hunter ("Hunter") was not fraudulently joined as a defendant in this case. Plaintiff Jimmy Hart ("Hart") and Hunter are both citizens of Illinois, thus this Court lacks diversity jurisdiction over this case. Accordingly, the case is remanded to the Circuit Court of Cook County for any further proceedings.

    The removal statute, 28 U.S.C. § 1441, is narrowly construed and doubts about removal should be resolved in favor of remand to allow plaintiff to chose his forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). 28 U.S.C. § 1332, requires complete diversity between plaintiff and defendants, plus an amount in controversy that exceeds $75,000. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

    Hart's amended complaint alleges a negligence claim against Hunter, individually. Specifically, in March 2010, Hart went to a Taco Bell restaurant located at 1140 S. York Road, in Bensenville, Illinois for dinner. Hart claims that Hunter negligently cleaned, washed, and/or mopped the floor of the restaurant, leaving multiple puddles of water on the floor. While at the restaurant, Hart allegedly slipped and fell on the water left by Hunter, and injured himself.

    As the Court previously stated, the law of agency does not impute a duty that the principal owes to a third party onto an agent. *See Bovan v. Am. Family Life Ins. Co.*, 386 Ill. App. 3d 933, 897 N.E.2d at 295 (Ill. App. Ct. 2008). In other words, agency law does not impute Taco Bell's duty to Hart on Hunter. The duty of care arises from the relationship between the parties. *Id.* at 294. However, under Illinois law, any employee such as Hunter, can be liable for negligence if he is the "active tort-feasor [who] committed the act which caused the injury." *Fountain v. J.C. Penney Corp., Inc.*, 2007 WL 1308813 (S.D.Ill. May 3, 2007)(quoting *Laver v. Kingston*, 11 Ill.App.2d 323, 327 (Ill.App.Ct. 3d Dist. 1956)).

|                                                                                                   |
|---------------------------------------------------------------------------------------------------|
| **STATEMENT**                                                                                     |
|     Hart alleges that Hunter negligently mopped the restaurant floor and that Hunter's negligent act caused his injury. Under well-established Illinois law, Hunter can be held liable for his own negligent acts. *See Lasko v. Meier*, 394 Ill. 71 (Ill. 1946). On these facts, Hart has stated a valid negligence claim against Hunter, individually. Accordingly, Taco Bell cannot meet its burden of establishing that Hunter was fraudulently joined as a defendant to destroy diversity jurisdiction. See *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Because there is a reasonable possibility that an Illinois court would recognize Hart's negligence claim against Hunter, the motion to dismiss Count II of the amended complaint is denied and this case is remanded to the state court for any further proceedings. It is so ordered. |